# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
|     Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| DSP GROUP, INC., KENNETH H. TRAUB, | : COMPLAINT FOR VIOLATION OF THE |
| OFER ELYAKIM, TOM LACEY, | : SECURITIES EXCHANGE ACT OF 1934 |
| CYNTHIA PAUL, YAIR SEROUSSI, | : |
| NORM P. TAFFE, and SHIRA FAYANS | : |
| BIRENBAUM, | : |
| | : |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On August 30, 2021, DSP Group, Inc. ("DSP" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Synaptics Incorporation and Osprey Merger Sub, Inc. (the "Proposed Merger").

2. Under the terms of the Merger Agreement, DSP's stockholders will receive $22.00 in cash per share.

3. On October 25, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of DSP common stock.

9. Defendant DSP is a Delaware corporation. DSP's common stock is traded on the NASDAQ under the ticker symbol "DSPG."

10. Defendant Kenneth H. Traub is Chairman of the Board of Directors of DSP (the "Board").

11. Defendant Ofer Elyakim is Chief Executive Officer and a member of the Board.

12. Defendant Tom Lacey is a member of the Board.

13. Defendant Cynthia Paul is a member of the Board.

14. Defendant Yair Seroussi is a member of the Board.

15. Defendant Norm P. Taffe is a member of the Board.

16. Defendant Shira Fayans Birenbaum is a member of the Board.

17.     Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18.     DSP is a global leader in wireless chipsets for a wide range of smart-enabled devices.

19.     On August 30, 2021, DSP entered into the Merger Agreement.

20.     The press release announcing the Proposed Merger provides as follows:

Synaptics Incorporated (Nasdaq: SYNA) and DSP Group, Inc. (Nasdaq: DSPG) today announced the signing of a definitive agreement, unanimously approved by the boards of directors of both companies, whereby Synaptics acquires DSP Group, a leading global provider of voice and wireless chipset solutions for converged communications, at $22.00 per share in an all-cash transaction. The combination is anticipated to generate annual run rate synergies of $30 million for the new entity to be realized within 12 months of closing and is immediately accretive to Synaptics' non-GAAP earnings. The transaction is expected to be financed through a combination of cash on hand and a fully committed, incremental debt financing arrangement with a projected close by the end of calendar year 2021, subject to DSP Group shareholder approval and customary closing conditions.

DSP Group has leadership positions across multiple markets in the Internet of Audio Things (IoAT) with significant growth opportunities in low power SmartVoice, unified communications & collaboration, and wireless IoT devices. Most of these solutions are quite relevant to Synaptics' existing customer base, furthering the strategy of cross-selling portfolio devices.

Synaptics recently announced its Low Power Edge AI initiative, which opens a significant long-term opportunity with ABI research predicting approximately 2.5 billion TinyML units to be sold by 2030. The addition of DSP Group's best-in-class SmartVoice products to Synaptics' Katana smart vision platform creates a complete portfolio that can both serve existing customer needs and address the significant future market. In addition, the combination further strengthens Synaptics' industry-leading wireless connectivity portfolio by adding DECT Ultra Low Energy (ULE), which enables a fully-featured intelligent home security solution.

"We continue to invest in technologies that tilt our product mix toward IoT applications," said Michael Hurlston, President and CEO of Synaptics. "DSP Group's expertise in SmartVoice and ULE wireless solutions, coupled with Synaptics' leadership position in far-field speech recognition and IoT directed Wi-Fi/BT combos enables us to deliver increasingly differentiated solutions to our

combined customer base, while positioning us to lead the transition to AI enabled devices at the edge of the network."

"We are excited to join forces with Synaptics, a recognized leader in products for IoT. This combination provides a great result for our shareholders who have supported us through this journey, delivering meaningful and certain value," said Ofer Elyakim, CEO of DSP Group. "Our complementary portfolios together with the combination of our world-class engineering teams creates an exciting opportunity for DSP Group's core technology to extend further into our existing customers' product portfolio."

"The DSP Group board of directors unanimously supports this transaction as it represents an excellent outcome for our shareholders," commented Ken Traub, Chairman of the Board of Directors, DSP Group. "We would like to thank DSP Group's management and employees for their dedication to executing our strategy and congratulate them on this exciting achievement."

**Advisors**

Goodwin Procter LLP is serving as legal counsel and Barclays is providing committed financing to Synaptics. Goldman Sachs & Co. LLC is serving as financial advisor and Morrison & Foerster LLP is serving as legal counsel to DSP Group.

21. On October 25, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

22. The Proxy fails to disclose material information regarding DSP's financial projections, specifically: the line items used to calculate financial projections.

23. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

24. The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman, Sachs & Co. LLC ("Goldman Sachs"). When a banker's endorsement of

the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25. Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values used in the analysis; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; and (iii) the net cash used in the analysis.

26. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rate used in the analysis; and (ii) the net cash used in the analysis.

27. Regarding Goldman Sachs's Selected Companies Analysis, the Proxy fails to disclose the individual multiples for the companies used in the analysis.

NDAs

28. The Proxy fails to disclose whether DSP executed any NDAs that contained don't ask, don't waive provisions.

**COUNT I**

**Claim Against the Individual Defendants and DSP for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. DSP is liable as the issuer of these statements.

32. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

33. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

36. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of DSP within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of DSP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements

contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

45. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  November 8, 2021       **GRABAR LAW OFFICE**

                By: */s/ Joshua H. Grabar*
                   Joshua H. Grabar (#82525)
                   One Liberty Place
                   1650 Market Street, Suite 3600
                   Philadelphia, PA 19103
                   267-507-6085
                   jgrabar@grabarlaw.com

                   *Counsel for Plaintiff*